

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 28, 1947

Hon. George T. Thomas
County Attorney
Howard County
Big Spring, Texas

Opinion No. V-109

Re: Whether or not a County Attorney may dismiss certain cases pending before his court, and the liability of the county for fines and costs collected.

Dear Sir:

Your request for an opinion from this Department is as follows:

"During 1945 and 1946 certain cases were filed on the criminal docket of the County Court of Howard County which have not been disposed of, but a check of the monthly reports of the County Clerk shows that in some of these cases the fine and costs were paid, and in some of them the Defendant has laid out his fine and costs in jail. There are no docket entries and no judgments in these cases. The person who was County Judge during such period is now deceased.

"The present county judge has stated that he does not want to enter judgments nunc pro tunc because inquiry among the officers handling the cases has shown that in most of them the Defendant made no appearance before the court, but merely paid to the arresting officer a minimum fine and costs. (Such being accepted by such officers with the agreement of, and under instructions of the County Judge.)

"We have been unable to arrest the Defendants again in these cases. If we were able to do so, we could solve the matter by bringing them before the court and entering

a judgment.

"Under such facts, will you please give your opinion on the following:

"1.   Can I, as County Attorney, legally dismiss such cases, and if so, what effect does that have toward making the County liable for return of the fines and costs collected?

"2.   Should the present County Judge, under proper motion therefor, enter judgment nunc pro tunc in spite of the method on which the fine and costs were paid, that is, without appearance before the court and without actual sentencing by the court?

"3.   If such cases cannot be disposed of in either of the above methods -- how can they be disposed of?"

Article 577, V.C.C.P., is as follows:

"The district or county attorney may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal.   No case shall be dismissed without the consent of the presiding judge."

In State vs. Anderson, reported in 26 S.W. (2d) 174, Judge Leddy, speaking for the Supreme Court, had this to say in regard to a dismissal of a criminal case:

"A number of states have enacted similar statutes to prevent the very abuse that actuated the passage of the above article of the Code of Criminal Procedure. The purpose of such statutes is indicated in various decisions, among others, the case of People v. McLeod, 25 Wend. (N.Y.) 483, 37 Am. Dec. 328, wherein it is said:

"'It is said in New York that because at common law the power of the attorney general had been delegated to dis-

trict attorneys in nearly everything
pertaining to indictments and other
criminal proceedings local to their
respective counties, the Legislature,
finding the power in so many hands,
and fearing its abuse, provided that
it should not thereafter be lawful for
any district attorney to enter a nolle
prosequi upon any indictment or in any
other way discontinue or abandon same
without the leave of the court having
jurisdiction to try the offense charged.'"

In view of the foregoing authorities and the
facts set out in your request, it is the opinion of this
Department that the County Attorney may, with the permis-
sion of the Court, legally dismiss such cases.

If such cases are dismissed, you ask further
what effect does that have toward making the county lia-
ble for return of the fines and costs collected.  The an-
swer to this question depends on whether the fines were
paid voluntarily or involuntarily.  In 40 Am. Jur., § 157,
pp. 820-821, we find the following:

It is a universally recognized
rule that money voluntarily paid under
a claim of right to the payment and
with knowledge of the facts by the per-
son making the payment cannot be re-
covered back on the ground that the
claim was illegal."

We quote from 40 Am. Jur., § 220, pp. 864-
865 as follows:

"The rule that illegal payments
coerced under duress or compulsion may
be recovered, provided the compulsion
furnishes the motive for the payment
sought to be recovered, and proceeds
from the person against whom the action
is brought, is supported by a number of
cases in which fines have been illegal-
ly or improperly imposed and paid by the
accused under circumstances constituting
duress, especially where the payment is
to avoid or secure release from impris-
onment for nonpayment of the fine, it

being held that a payment made un-
der these circumstances is an invol-
untary one, and that the fine may be
recovered.  But, in accordance with
the established rule already dis-
cussed, it appears to be well settled
that money voluntarily paid as a fine,
with knowledge of the facts, cannot
be recovered, and the rule that money
paid under a mistake of law, with full
knowledge of the facts, is not recov-
erable unless the payment was induced
by the fraud or imposition or the un-
due advantage of the one receiving it,
or was made under duress, has been ap-
plied."

We quote from 26 A.L.R., 1124 as follows:

"Ordinarily, the question of
whether one who has paid a fine illeg-
ally or improperly imposed upon him
can recover back the amount so paid
may be said to depend upon certain fac-
tors, chief of which is that of volun-
tary or involuntary payment.  If the
payment is made under circumstances
which amount to coercion or duress so
that it must be regarded as an involun-
tary one, the fine may generally be re-
covered; otherwise not.  The cases in
which it has been held that the payment
was under duress are usually those in
which the accused was imprisoned or was
threatened with imprisonment and pay-
ment of the fine was necessary to avoid
or secure release from such imprison-
ment."

In Comstock v. Tupper, 50 Vermont, p. 596,
money was paid to an attorney employed to prosecute the
one paying the money for unlawfully selling liquor and
was afterward paid to the county clerk.  No warrant had
been served and of course, there was no record of a fine
having been imposed.  A complaint, however, had been
drawn and a warrant issued.  The trial court found in a
suit brought to recover the money that it was paid to
save plaintiff from prosecution; that the proceedings in
the settlement were illegal, but that, the money having

been paid to purchase the peace of the plaintiff, he was not entitled to recover it.   The Supreme Court said:

> "This must be regarded either as a voluntary payment in satisfaction and discharge of a claim made upon the plaintiff or to buy off from and quiet a criminal prosecution to which he was exposed. Nothing in the character of extortion or duress is shown that relieves the transaction from the character, or the plaintiff from the position, which we assign to them as above.  This being so, plaintiff cannot have the money back by action.". (See also Houlehan vs. Kennebec County, 108 Maine 397.).

In Dale, et al, vs. Simon, et al, reported in 267 S.W. 467, which was a suit for recovery of money alleged to have been paid under duress, Judge Bishop of the Commission of Appeals had this to say:

> "<u>There can be no duress unless there is a threat to do some act which the party threatening has no legal right to do.</u>"

Certainly here we do not have such facts existing.  We must assume that the officer had a right to make the arrests and also place the defendants in jail. Just because they paid the fine rather than make bond and wait for trial is not sufficient grounds alone to constitute involuntary payments.

In view of the foregoing facts and authorities, you are respectfully advised that it is the opinion of this Department that the county is not liable for the return of the fines and costs paid by the defendants under the circumstances set out in your letter.

Article 580, V.C.C.P., provides as follows:

> "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment of any part thereof is imprisonment in jail.  When the record in the appellate court shows that the defend-

ant was present at the commencement,
or any portion of the trial, it shall
be presumed in the absence of all ev-
idence in the record to the contrary
that he was present during the whole
trial."

Article 518, V.C.C.P., is as follows:

"A plea of guilty in a misde-
meanor case may be made either by the
defendant or his counsel in open court.
In such case, the defendant or his
counsel may waive a jury, and the pun-
ishment may be assessed by the court,
either upon or without evidence, at the
discretion of the court."

In your request you do not state whether or
not the offense with which each defendant was charged
was one in which the punishment may be by confinement in
jail.

The Court of Criminal Appeals has recently
held that where the judgment in a misdemeanor case as-
sessed a jail penalty, it was error for the Court to try
the case in the absence of the accused.  (See Henderson
vs. State, 127 S.W. (2) 902; Stewart vs. State, 127 S.W.
(2) 903.)

It appears that the law clearly requires the
presence of the accused at his trial for a misdemeanor,
the punishment of which may be confinement in jail.

Therefore, it is the opinion of this Depart-
ment that the present County Judge cannot now sentence
the defendant in his absence in any such case where the
punishment may be confinement in jail even if there is
now sufficient evidence before the Court for a conviction.

In answer to Question No. 2 we quote from 12
Tex. Jur., p. 713-4-5-6 as follows:

"§ 352--Nunc pro tunc Entry -- In General

"'If there is a failure from any
cause whatever to enter judgment and pro-
nounce sentence during the term, the judg-
ment may be entered and sentence pronounced

at any succeeding term of the court,
unless a new trial has been granted,
or the judgment arrested, or an ap-
peal has been taken.'  (Art. 772,
V.C.C.P.)  (Brackets ours)

"The court also has power inde-
pendent of the statute to enter judg-
ment nunc pro tunc.

". . .The act applies and per-
mits the entry of a nunc pro tunc
judgment in cases where the judgment
as originally entered does not in
fact express the judgment rendered.
. . . (Underscoring ours)

"§ 353--Procedure--Effect

"To warrant the entry of a judg-
ment or sentence nunc pro tunc there
must be proof that the proposed judg-
ment or sentence was theretofore ac-
tually rendered or pronounced;  but
this proof may be made as well by pa-
rol as by record evidence. (Emphasis
ours)

"Notice of the proposed entry
must be given to the accused; . . ."

We assume from your letter that the provis-
ion in Article 518, supra, was not complied with.  That
is, the defendants did not plead guilty in open court
either in person or by counsel and, therefore, there has
never been a legal plea of guilty made by the defendants
in such cases.

There was never any kind of judgment or sen-
tence entered.  It is true that the Sheriff accepted the
fine and costs from each defendant; but this will not suf-
fice.  To permit a Sheriff to accept a plea of guilty is
contrary to the statute as well as public policy.  The
Judge is the only person before whom one may enter such
a plea.  This is a power or duty imposed upon the Judge
and is one which cannot be delegated to another.

Therefore, since there has never been a judg-
ment or sentence rendered and in view of the foregoing

facts, as well as the above quoted authorities, you are respectfully advised that it is the opinion of this Department that the present County Judge may not legally enter a nunc pro tunc judgment in any of such cases.

In answer to Question No. 3, it is the opinion of this Department that the only legal way in which disposition may be made in such cases is by complying with answer No. 1 of this opinion.

### SUMMARY

1.   The County Attorney may dismiss criminal cases with the consent of the presiding Judge where the defendants cannot be arrested and where there has been no legal plea of guilty entered.  (Art. 577, V.C.C.P.; State v. Anderson, 26 S.W. (2) 176).  If such cases are dismissed where the defendant has paid a fine and costs to the sheriff without judgment of the Court, such payment is voluntary and may not be recovered by the defendant from the county.

2.   Where there was no judgment or sentence actually rendered, the County Judge cannot legally enter a nunc pro tunc judgment. (12 Tex. Jur., pages 713-4-5-6; Art. 772, V.C.C.P.)

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:djm:wb

APPROVED MARCH 28, 1947

*Price Daniel*
ATTORNEY GENERAL OF TEXAS